IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:16-cv-271-JPG-DGW |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Amend Complaint filed by Plaintiff, Marcus Weaver, on July 15, 2016 (Doc. 17). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Marcus Weaver, an inmate in the custody of the United States Bureau of Prisons ("BOP"), filed this lawsuit on March 15, 2016, complaining that the medical treatment he received for his Herpes Simplex infection while incarcerated at FCI-Yazoo City, FCI-Pekin, and USP-Marion was inadequate and caused his condition to exacerbate, making him prone to infections. The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found Plaintiff had stated a medical negligence and malpractice claim against the United States of America under the Federal Tort Claims Act for the actions of its employees at FCI-Yazoo City, Mississippi, who failed to diagnose or treat Plaintiff's Herpes Simplex infection (Doc. 12, p. 4).

On July 15, 2016, Plaintiff submitted an amended complaint, which the Court construes as a Motion to Amend the Complaint, as Plaintiff was not entitled to amend his complaint as a matter

of course pursuant to Federal Rule of Civil Procedure 15(a)(1) at the time of filing. In his proposed amended complaint, Plaintiff sets forth the following claims[1]:

> Count One: Medical negligence and malpractice claims against Defendant United States of America under the Federal Tort Claims Act, for the actions of its employees at FCI-Yazoo City, who failed to diagnose or treat Plaintiff's Herpes Simplex infection, allowing his pain and other symptoms to persist;
>
> Count Two: Medical negligence and malpractice claims against Defendant United States of America under the Federal Tort Claims Act, for the actions of its employees at FCI-Pekin, who failed to diagnose or treat Plaintiff's Herpes Simplex infection, allowing his pain and other symptoms to persist;
>
> Count Three: Eighth Amendment deliberate indifference claim against FCI-Yazoo City Defendants Chambers, Natal, Hudson, Martinez, and Ratliff, for failing to conduct appropriate diagnostic tests for Plaintiff's infection, thus delaying diagnosis and proper treatment for his condition; and
>
> Count Four: Eighth Amendment deliberate indifference claim against FCI-Pekin Defendants Moats, Lee Ho, and Wall, for failing to conduct appropriate diagnostic tests for Plaintiff's infection, thus delaying diagnosis and proper treatment for his condition.

In support of his claims, Plaintiff alleges that he first complained of testicular pain to Defendant Dr. Martinez while he was incarcerated at FCI-Yazoo in May, 2011, but was only told to take ibuprofen. Subsequently, in July, 2011, Plaintiff again sought treatment for his condition, but Defendant Martinez was not available and failed to leave any treatment instructions. As such, Plaintiff was examined by Defendants Natal and Ratliff. Despite bringing to their attention his concerns about white papules, redness, discoloration, and lesions on his genitalia, these Defendants merely prescribed Podophyllum for his genital warts and failed to order diagnostic testing or provide pain medication. Following this examination, Plaintiff demanded that he be

---

[1] In his proposed amended complaint, Plaintiff states that he "moves this Court to dismiss all claims against USP Marion Medical staff w/ prejudice" and fails to set forth any allegations against any individual who was employed at USP Marion. As such, insofar as Plaintiff references USP Marion in setting forth his claims, the Court finds that such reference was in error and, in any event, insufficiently supported by the allegations in his proposed amended complaint.

examined by Defendant Chambers, who Plaintiff describes as the "Chief Doctor". In accordance with his demands, Plaintiff was examined by Defendants Chambers and Hudson (identified by Plaintiff as a nurse at FCI-Yazoo). Defendant Chambers recommended ibuprofen and prescribed antibiotics, as well as testing for syphilis and gonorrhea. Plaintiff, however, characterizes Defendant Chambers' efforts as "cosmetic" and a "transparent effort to avoid culpability." Following this examination, Plaintiff submitted numerous "Communications to Staff" complaining about "a burning sensation and pain in [his] penis", that was met with a response by Defendant Ratliff to "purchase ibuprofen and return in one-week." According to Plaintiff, all medical personnel at FCI-Yazoo refused to see him concerning his condition until Defendant Martinez returned from his vacation and, when Defendant Martinez returned and examined Plaintiff, he claims that Defendant Martinez simply told Plaintiff his symptoms were nothing to worry about and provided no treatment.

From September, 2011 to March 18, 2012, Plaintiff claims he submitted numerous request slips for sick-call informing Defendants that he was experiencing pain, burning, lesions, ulcers, and blisters. Plaintiff claims that the FCI-Yazoo defendants avoided Plaintiff's requests for medical treatment and, when he was examined for other medical conditions, they ignored his complaints about his genitalia.

During a "clinical encounter" with Defendant Martinez (for which Plaintiff did not provide a date), Plaintiff was tested for Herpes Simplex virus. Plaintiff asserts that either the test results were misread or inaccurate, as he was told by Defendant Martinez that it was negative. Plaintiff claims that despite the presence of numerous symptoms he did not receive any additional testing while at FCI-Yazoo.

In July, 2012, Plaintiff was transferred to FCI-Pekin, Illinois. Upon his arrival at

FCI-Pekin, Plaintiff was examined by Defendant Lee Ho. Plaintiff advised Defendant Lee Ho that he needed two more doses of Podophyllum for his genital warts and described his symptoms. According to Plaintiff, Defendant Lee Ho ordered medication for his genital warts, but failed to address his other symptoms or provide any testing or referrals to an outside specialist. From January, 2013 to February, 2014, Plaintiff claims that he experienced pain, ulcers, blisters, lesions, and burning of his genitalia and conveyed such to Defendants Moats, Lee Ho, and Wall, but they failed to diagnose or adequately treat his complaints.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading and leave to amend should be freely given "when justice so requires". The Seventh Circuit liberally allows amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). A court may deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Court finds that Plaintiff's motion to amend was neither unduly delayed nor brought with dilatory motive. However, the Court must also ensure that Plaintiff's proposed amendments are not futile. As such, it considers Plaintiff's proposed claims, as set forth below.

### *Count One – Mississippi FTCA Claim*

Similar to the Court's analysis during its initial screening, the Court finds that Plaintiff's complaint is sufficient to survive with respect to Count One as Plaintiff has adequately stated a

claim against the United States of America under the Federal Tort Claims Act for the actions of its employees at FCI-Yazoo who failed to diagnose or treat his Herpes Simplex infection. As previously stated by the Court, under Mississippi statute (which properly governs this claim as cases brought under the FTCA are governed by the substantive law of the place where the alleged acts or omissions constituting negligence occurred), a plaintiff's attorney in a medical malpractice case is required to provide certification along with the complaint that he has consulted with a medical expert regarding the facts, and that on the basis of said review and consultation, the attorney has concluded that there is a reasonable basis for the commencement of the action. However, pertinent to the case here, the statute exempts a *pro se* plaintiff from providing a certification of consultation. Accordingly, Count One of Plaintiff's proposed amended complaint is not futile and he may proceed with this claim.

### *Count Two – Illinois FTCA Claim*

Despite Plaintiff's inclusion of additional allegations against the FCI-Pekin Defendants, Plaintiff's FTCA claim premised on the actions of employees at FCI-Pekin is futile as Plaintiff again failed to file the affidavit and report(s) required under Illinois law.

### *Counts Three – Deliberate Indifference, FCI-Yazoo*

In order to state a claim for deliberate indifference to a serious medical need, Plaintiff must show first that he suffered from a medical condition that was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

With regard to the first showing, the following circumstances could constitute a serious medical need: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects

an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie Cnty.,* 394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

A prisoner must also show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference. "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'." *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985). Negligence, gross negligence, or even recklessness as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823, F.2d 1068, 1072 (7th Cir. 1987). Put another way, the plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. A plaintiff does not have to prove that his complaints were "literally ignored," but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes,* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)).

Here, Plaintiff's symptoms from his infection constituted an objectively serious condition that clearly required medical attention. Thus, his complaint satisfies the first component of an Eighth Amendment deliberate indifference claim. However, Plaintiff's claim only survives if the medical providers acted, or failed to act, with deliberate indifference to a known risk of serious

harm. At this juncture, Plaintiff has sufficiently alleged that Defendants Chambers, Natal, Hudson, Martinez, and Ratliff were made aware of his medical condition, yet failed to render adequate treatment to address his complaints. Accordingly, Count Three of Plaintiff's proposed amended complaint is not futile and he may proceed with this claim.

### *Count Four – Deliberate Indifference, FCI-Pekin*

Plaintiff has provided sufficient factual allegations against Defendants Moats, Lee Ho, and Wall to state a deliberate indifference claim. More specifically, Plaintiff's proposed amended complaint alleges that the named defendants each obtained actual knowledge of his objectively serious medical condition from January, 2013 to February, 2014 and that these Defendants failed to diagnose or treat his condition.

## CONCLUSION

For the reasons set forth below, Plaintiff's Motion to Amend is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall be allowed to proceed on Counts One, Three, and Four as articulated in his proposed amended complaint. However, Plaintiff shall not be allowed to proceed on Count Two of his proposed amended complaint. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as his First Amended Complaint, with his accompanying exhibits. Although the entirety of Plaintiff's proposed amended complaint will be filed, the Court reiterates that Plaintiff is not proceeding on Count Two, the FTCA claim related to the actions of individuals at FCI-Pekin. Further, Plaintiff's Motion to Include Additional Exhibit (Doc. 20) with his amended complaint is **GRANTED**. The Clerk is further **DIRECTED** to file Plaintiff's Exhibit 13B, received by the Court on August 12, 2016, along with his proposed amended complaint and accompanying exhibits.

**IT IS SO ORDERED.**

**DATED: December 1, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**